UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN A. CORRION, #601943,

      Plaintiff,

                        CASE NO. 2:12-CV-10926
v.                      HONORABLE ARTHUR J. TARNOW

DAVID L. MORSE,

      Defendant.
_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OR FOR A CERTIFICATE OF APPEALABILITY

This matter is before the Court on Plaintiff's motion for reconsideration or for a certificate of appealability concerning the denial of his application to proceed without prepayment of the filing fee, dismissal of his pro se civil rights complaint, and ruling that an appeal cannot be taken in good faith. Plaintiff asserts that he should be allowed to proceed without prepayment of the filing fee despite his three-strike status because he is older and physically infirm and has been threatened and assaulted by other inmates in the past.

To fall within the statutory exception to the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and proximate' and that the danger of serious physical injury exists at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). The events giving rise to Plaintiff's complaint – his criminal proceedings and the conduct of the prosecutor – do not pose a threat of imminent danger of serious

physical injury.[1] While Plaintiff asserts in his reconsideration motion that he has received threats and/or had altercations with other inmates in the past, he has failed to demonstrate that he is under imminent danger of serious physical injury. The Court finds no reason to reconsider its decision.

A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Plaintiff has also not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof as required by Local Rule 7.1(h)(3). Lastly, any appeal of the Court's ruling would be frivolous. Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration or for a certificate of appealability. The Court will not re-open this closed case. No further pleadings should be filed in this matter.

**IT IS SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: April 4, 2012

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on April 4, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant

---

[1] The Court notes that Plaintiff's complaint, which concerns his criminal proceedings, would likely be precluded by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (a state prisoner does not state a cognizable civil rights claim if ruling on his claim would necessarily render his continuing confinement invalid unless the reason for his continued confinement has been reversed on direct appeal, called into question by federal habeas relief, or otherwise invalidated). The defendant would also be entitled to absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003).